# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
### No. 21-1257V

|  |  |
|---|---|
| CHRISTINE M. BOYLE,<br><br>Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>Respondent. | Chief Special Master Corcoran<br><br>Filed: July 29, 2025 |

*Howard Dale Mishkind*, Mishkind Kulwicki Law Co., L.P.A., Cleveland, OH, for Petitioner.

*Katherine Edwards*, U.S. Department of Justice, Washington, DC, for Respondent.

### DECISION ON ATTORNEY'S FEES AND COSTS[1]

On April 20, 2021, Christine M. Boyle filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered a shoulder injury related to vaccine administration following an influenza vaccine she received on September 8, 2020. Petition, ECF No. 1. On February 26, 2025, I issued a decision awarding damages, following briefing by the parties. ECF No. 53.

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet**. In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Petitioner has now filed a motion for attorney's fees and costs, requesting an award of $50,428.00 (representing $50,026.00 in fees plus $402.00 in costs). Application for Attorneys' Fees and Costs ("Motion"), filed June 10, 2025, ECF No. 59. Furthermore, counsel for Petitioner represents that Petitioner incurred no personal out-of-pocket expenses. ECF No. 59 at 5.

Respondent reacted to the motion on June 16, 2025, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case but deferring resolution of the amount to be awarded to my discretion. Respondent's Response to Motion at 2-3, 3 n.2, ECF No. 60. Petitioner filed no reply thereafter.

I have reviewed the billing records submitted with Petitioner's request and find a reduction in the amount of fees to be awarded appropriate, for the reasons listed below.

## ANALYSIS

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Counsel must submit fee requests that include contemporaneous and specific billing records indicating the service performed, the number of hours expended on the service, and the name of the person performing the service. See *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313, 316-18 (2008). Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary." *Saxton v. Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)). It is "well within the special master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done." Id. at 1522. Furthermore, the special master may reduce a fee request *sua sponte*, apart from objections raised by respondent and without providing a petitioner notice and opportunity to respond. See *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (2009). A special master need not engage in a line-by-line analysis of petitioner's fee application when reducing fees. *Broekelschen v. Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 729 (2011).

The petitioner "bears the burden of establishing the hours expended, the rates charged, and the expenses incurred." *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1991). The Petitioner "should present adequate proof [of the attorney's fees and costs sought] at the time of the submission." *Wasson*, 24 Cl. Ct. at 484 n.1. Petitioner's counsel "should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private

practice ethically is obligated to exclude such hours from his fee submission." *Hensley*, 461 U.S. at 434.

## ATTORNEY FEES

I have reviewed the billing records submitted with Petitioner's request. The rates requested for work performed through the end of 2023 are reasonable and consistent with our prior determinations. The Petitioner has requested an hourly rate of $550.00 for 2024 work performed by attorney Howard Dale Mishkind, representing a rate increase of $60.00 from the previous year. Petitioner has also requested an hourly rate of $580.00 for 2025 work performed by attorney Howard Dale Mishkind, representing a rate increase of $30.00 from the previous year.

Although Mr. Mishkind has previously been awarded hourly rates slightly below the appropriate forum range for his level of experience, often because that was the rate requested,[3] given that his firm is located in Cleveland, Ohio, he is entitled to forum rates.[4] And the requested hourly rates fall in the middle to lower portion of the rates listed in the Attorneys' Forum Hourly Rate Fee Schedules for 2024 and 2025, found at the Court's website at www.uscfc.uscourts.gov. I find the proposed rates to be reasonable and hereby award them herein.

However, a few of the tasks performed by attorney Mishkind in this matter are more properly billed using a paralegal rate.[5] "Tasks that can be completed by a paralegal or a legal assistant should not be billed at an attorney's rate." *Riggins v. Sec'y of Health & Hum. Servs.*, No. 99-382V, 2009 WL 3319818, at *21 (Fed. Cl. Spec. Mstr. June 15, 2009). "[T]he rate at which such work is compensated turns not on who ultimately performed the task but instead turns on the nature of the task performed." *Doe/11 v.*

---

[3] *E.g., Walker v. Sec'y of Health & Hum. Servs.,* No. 17-0689V, 2018 WL 5262623 (Fed. Cl. Spec. Mstr. Aug. 21, 2018); *Jefferson v. Sec'y of Health & Hum. Servs.,* No. 16-1119V, 2018 WL 3991276 (Fed. Cl. Spec. Mstr. Apr. 10, 2018).

[4] For example, attorneys located in Cincinnati, Ohio, with similar levels of overall experience, have been awarded forum rates such as Mr. Mishkind is requesting. *E.g.*, *Jefferson v. Sec'y of Health & Hum. Servs.,* No. 22-1683V, 2025 WL 1099359 (Fed. Cl. Spec. Mstr. Mar. 12, 2025); *Yawn v. Sec'y of Health & Hum. Servs.,* No. 23-1964V, 2025 WL 1089636 (Fed. Cl. Spec. Mstr. Mar. 3, 2025).

[5] Entries considered paralegal in nature include drafting requests for medical records, following up on medical records requests, bate stamping documents, drafting basic documents such as an exhibit list, PAR questionnaire, notice of filing, notice of intent, statement of completion, cover sheet, joint notice not to seek review. ECF No. 59-2 at 1-8 (billing entries dated: 4/27/2021 (two entries), 11/17/2021, 4/5/2022 (three entries), 7/12/2022, 3/5/2025).

*Sec'y of Health & Hum. Servs.*, No. XX-XXXXV, 2010 WL 529425, at *9 (Fed. Cl. Spec. Mstr. Jan. 29, 2010). Although these billing entries reflect reasonably performed tasks, they must be charged at a reduced rate comparable to that of a paralegal. **Application of the foregoing reduces the amount of fees to be awarded by $1,516.00.**[6]

Regarding the time billed, I note this case required additional separate briefing regarding damages. See Petitioner's Brief in Support of Damages, filed Jan. 16, 2024, ECF No. 49, and Petitioner's Reply to Respondent's Response to Brief in Support of Damages, filed Feb. 23, 2024, ECF No. 51. Petitioner's counsel expended approximately 10.9 hours drafting the damages brief and 7.7 hours drafting the responsive brief, for a combined total of 18.6 hours. ECF No. 59-2 at 4-5. I find this time to have been reasonably incurred.

Petitioner has otherwise provided supporting documentation for all claimed costs. ECF No. 59-1 at 2. Respondent offered no specific objection to the rates or amounts sought. I find the requested costs reasonable and hereby award them in full.

## CONCLUSION

The Vaccine Act permits an award of reasonable attorney's fees and costs for successful claimants. Section 15(e). Accordingly, I hereby GRANT, in part, Petitioner's Motion for attorney's fees and costs. **Petitioner is awarded attorneys' fees and costs in the total amount of $48,912.00 (representing $48,510.00 in fees plus $402.00 in costs) to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk of Court shall enter judgment in accordance with this decision.[7]

**IT IS SO ORDERED.**

s/Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[6] This amount is calculated as follows: ($450.00 - $172.00) x 1.5 hrs. + ($475.00 - $177.00) x 2.7 hrs. + ($580.00 - $212.00) x .8 hrs. = $1,516.00.

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.